**Ernesto Polinar PALACA and Nellie Lorenzo Palaca, Petitioners,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

**No. 03–72791.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 2005.

Decided Nov. 10, 2005.

---

the United States, pursuant to Fed. R.App. P. 43(c)(2).

Richard M. Loew, Aquino & Aquino, Covina, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Regina Byrd, Attorney, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER and W. FLETCHER, Circuit Judges, and FOGEL, District Judge.**

## MEMORANDUM ***

Petitioners Ernesto Polinar Palaca ("Palaca") and Nellie Lorenzo Palaca, natives and citizens of the Philippines, seek review of the decision of the Board of Immigration Appeals ("BIA") finding that they failed to demonstrate eligibility for asylum and withholding of deportation and dismissing their appeal from the adverse decision of the immigration judge ("IJ"). This case is governed by the transitional rules, and we have jurisdiction under former 8 U.S.C. § 1105a(a). *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997).

The Palacas have failed to demonstrate that the evidence in the record compels a conclusion that they are eligible for asylum. *See Khup v. Ashcroft*, 376 F.3d 898, 902 (9th Cir.2004). The BIA appears to have made an implicit finding that Palaca is credible; in its first opinion the BIA concluded that the IJ's adverse credibility determination was not supported by evidence in the record, and in its second opinion the BIA assumed Palaca's credibility and affirmed the IJ only with respect to his determination that the Palacas had failed to demonstrate eligibility for relief.

Palaca's testimony, if believed, compels a conclusion that he was the target of a campaign of harassment and intimidation by the MAKAMASA and/or the New People's Army ("NPA"). Missing from the record, however, is evidence sufficient to compel a conclusion that this campaign was "on account of" Palaca's political opinion or other statutorily protected ground. *See* 8 C.F.R. § 208.13(b) (2001) (recodified

---

** The Honorable Jeremy Fogel, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited by or to the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

at 8 C.F.R. § 1208.13(b) effective Feb. 28, 2003). Palaca did not tell the MAKAMASA that he was resigning from the organization for political reasons. To be sure, given the temporal relationship between Palaca's resignation from the MAKAMASA and his harassers' repeated use of the term "traitor," political persecution is one plausible explanation for the events described by Palaca. However, Palaca testified that he was recruited into the MAKAMASA by its president, Gerry Madienzo, with whom he formed a close relationship; it is equally plausible that Madienzo felt personally betrayed when Palaca resigned, or that MAKAMASA and/or the NPA were trying to frighten Palaca into rejoining their cause. Because Palaca has failed to present evidence that compels a conclusion that the events described were motivated by his political opinion, rather than by some other reason, he has failed to meet the standard necessary to reverse the determination of the BIA. *See INS v. Elias–Zacarias,* 502 U.S. 478, 482–83, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Because the Palacas have failed to establish eligibility for asylum, they necessarily have failed to meet the more stringent standard for withholding of deportation. *See Fisher v. INS,* 79 F.3d 955, 961 (9th Cir.1996) (*en banc* ).

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004), the Palacas' voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**